Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFF</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CHANDRA LOVELAND, Individually and On Behalf of a Class of Others Similarly Situated Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>DR. ROBERT W. SNIDER, Personally, DR. S. SHELTON, Personally, D. BROWN, Personally,<br><br>Defendants. | Case No. 3:17:CV-1884<br><br>**CLASS ACTION COMPLAINT**<br><br>Civil Rights: Prisoner 8th Amendment , Sexual Assault, , 42 USC Sec. 1983 Violation, Conspiracy to Violate Civil Rights 42 USC Sec. 1985 (3), Preliminary and Permanent Injunction Sought<br><br>**JURY TRIAL DEMANDED** |

**I. INTRODUCTION**

1  COMPLAINT

INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the last ten years, the Coffee Creek Corrections Facility (CCCF) has had a policy or practice of allowing a staff doctor Robert Snider to treat women inmates in private without a visible attendant after reports of sexual assault and misconduct. Kimberly Bepple and Bridgette Lewis filed a a formal complaint against Snider on or bout May 1, 2013, an internal SIU exonerated Snider and a federal suit was filed April 29, 2015 and since settled.

The State of Oregon and its agents starting in 2007 failed to meet the minimum medical standards of care for women inmates a Coffee Creek Correctional Facility ("CCCF") and allowed Robert W. Snider to conduct mandatory gynecological routine and other exams upon female inmates in which he sexually assaulted and battered patients with intimate, non-medical sexual assaults to the person. The State of Oregon continued to employ Dr. Snider after two reports of such tortious and criminal misconduct by plaintiffs Bepple and Lewis and the institution of a criminal investigation by the Oregon State Police (Reference # 34676) and in 2015 the state and Dr. Shelton promoted him to Chief Medical Officer (CMO). In June 2016, after numerous victims came forward, the state referred an external investigation to the Oregon State Police that is ongoing. Around June 2016, CCCF attempted to limit Dr. Snider from seeing female inmates for intimate exams. It is believed hundreds, if not thousands of women have been mistreated by Dr. Snider. Numerous former inmate patients report inappropriate dialogue and moaning and one refused treatment due to his offensive and irregular behavior. It is believed

2  COMPLAINT

Dr. Snider now works at OSP in Salem since late 2016 and not with women inmates.

1. Pursuant to 42 USC §1983 an Plaintiff Loveland alleges that Defendants Snider, Shelton and Brown violated their 8th Amendment rights by denying them safe and competent medical care and exposing them to tortious and criminal professional misconduct at the hands of their staff doctor Robert Snider. David Brown RN supervisor medical director Shelton conspired to hinder or obstruct prosecution of Dr. Snider and/or deprive inmates of safe care of the constitutional rights of redress under the First, Fifth and Fourteenth Amendments, resulting in medical mistreatment and malpractice, and causing wanton and needless infliction of significant discomfort , pain, anguish, emotional distress.

2. Plaintiffs seek awards of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against Defendants. Plaintiff also seeks an award of punitive damages against Defendants.

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367.

## III. PARTIES

4. At all material times herein, Plaintiffs were in the custody and care of Coffee Creek Correctional facility (CCCF) run by the State of Oregon in Washington County. Seleen and Hernandez are in custody and Torres is no longer in custody.

3  COMPLAINT

5. At all material times herein, Defendants were employees of the State of Oregon, acting under color of law and are sued in their official and individual capacities as well. Dr. Shelton is the Medical Director for the State, Snider was the Chief Medical Officer for CCCF and Brown was a nursing director for CCCF. Dr. Snider is still the state's employee, now believed to be in Salem.

### IV. FACTS

6. Starting approximately at his first employment in 2007, female inmates were compelled to be examined and treated for OB/GYN pap smear intake exams by Dr. Snider. On or about May 1, 2013, Dr. Snider treated both Kimberly Bepple and Bridgette Lewis for routine gynecological exams and pap smears. A curtain was drawn for both and no attendant was in view, only in earshot. Snider than sexually abused both Bepple and Lewis.

7. All prior and current plaintiffs had experienced routine exams and pap smears in and out of custody before without incident.

8. After the filing on April 30, 2015, named defendants Brown and Shelton knew of the abuse allegations and did nothing to protect any female inmates from Snider, including Loveland.

9. On or about November 19, 2017, Loveland enetered CCCF. In seven to twelve days, after the Thanksgiving holiday, believed to be December 1, 2015, Dr Snider conducted a mandatory routine pap smear with a mature RN at the head of the gurney.

10. During the exam, Snider used his hand erotically to stimulate Ms. Loveland vulva and clitoris causing her to climax/orgasm and experience extreme anguish, dismay and

    disgust.  When a staff person walked in, he quickly removed his hands from her vulval region.

11.  Since then, three other women brought suit against Snider in April 2017, Torres, Herenandez and Seleen for similar abuse.

12. Ms. Loveland is out of custody.

13. More than a dozen Snider victims since 2007  have come forward and continue to come forward.  He is under state and federal criminal and civil investigation.

## V.    FIRSTCLAIM FOR RELIEF

### (§1983 – 8th Amendment Violation)

14. As applicable, Plaintiff  incorporate the above.

15. As described above, Dr. Shelton, David Brown, and Dr. Snider violated their right not to be subjected to cruel and unusual punishment and tortious and criminal assault during medically-compelled exams in violation 8th Amendment of the United States Constitution , with no medical basis for doing so.

16. As a result of the above Loveland is entitled to an award of economic and noneconomic damages against the individual Defendants in amounts to be determined at trial.

17. As a result of the above, Loveland is entitled to an award of punitive damages against all defendants  in an amount to be determined at trial.

18. Plaintiffs should be awarded their attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.  SECOND CLAIM FOR RELIEF

### (State Law Claim – Sexual Battery)

19. As applicable, Plaintiff incorporates the above.

20. Dr. Snider committed sexual battery against Plaintiff Loveland while in his medical care at CCCF.

### DEMAND FOR PUNITIVE DAMAGES

21. The actions of the Individual Defendants, detailed herein are outrageous, in that they involved a deliberate indifference to the health and safety of , and numerous others and allowed ongoing, long-term pain, suffering and sexual abuse of female inmates at CCCF.

### **DEMAND FOR TRIAL BY JURY**

22. Plaintiff hereby requests trial by jury.

### **PRAYER FOR RELIEF**

A. WHEREFORE, Plaintiffs request that this Honorable Court grants them the following relief:

B. A judgment against all Defendants, jointly and severally on Plaintiff's First Cause of Action detailed herein, awarding Compensatory Damages to in an amount to be determined by a Jury.

C. A judgment against each individual Defendant on Plaintiff's First Cause of Action for punitive damages for each.

D. A preliminary and permanent injunction enjoining Defendants from continuing to allow defendant Dr. Robert W. Snider, Shelton and Brown or other tortious individuals (Dr. Crim) to treat women in private for gynecological and pap smear exams absent a medical attendant visibly present and observing to prevent irreparable harm to current and future female inmates.

E. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 2.

**DATED This 22nd** day of November, 2017.

    Respectfully submitted by:

    S//S Leonard R. Berman

    _____

    Leonard R. Berman, OSB # 96040

    **ATTORNEY FOR PLAINTIFF**